IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | ) | Cr. No. 15-00098 SOM |
|---|---|---|
| | ) | Civ. No. 18-00169 SOM/RLP |
| Plaintiff, | ) | |
| | ) | ORDER TO SHOW CAUSE WHY |
| vs. | ) | DEFENDANT RUBEN SETTLE'S |
| | ) | MOTION UNDER 28 U.S.C. § 2255 |
| | ) | SHOULD NOT BE DISMISSED AS |
| RUBEN SETTLE; | ) | UNTIMELY |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER TO SHOW CAUSE WHY DEFENDANT RUBEN SETTLE'S MOTION UNDER 28 U.S.C. § 2255 SHOULD NOT BE DISMISSED AS UNTIMELY**

**I.     INTRODUCTION.**

On May 9, 2018, Defendant Ruben Settle filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody. Because the arguments he raises in support of his motion appear to be time-barred, Settle is ordered to show cause why his § 2255 motion should not be dismissed.

**II.    BACKGROUND.**

On January 28, 2015, the grand jury indicted Settle for knowingly and intentionally possessing, with intent to distribute, more than 500 grams of a mixture or substance containing a detectable amount of methamphetamine. *See* ECF No. 8.[1] On March 12, 2015, Settle pled guilty without a plea

---

[1]With the exception of the reference to Settle's § 2255 Motion and its attachments, references to ECF Numbers correspond to docket entries in his criminal case, No. 15-00098 SOM.

agreement.  *See* ECF No. 16.  On June 29, 2015, Settle was sentenced to 210 months of imprisonment, 5 years of supervised release, and a $100 special assessment.  *See* ECF No. 21.  Judgment was entered the following day, June 30, 2015.  *See* ECF No. 22.  On July 7, 2015, Settled appealed.  *See* ECF No. 25.  Although Settle was given a chance by the Ninth Circuit to raise issues going to his appeal after his counsel filed an *Anders* brief, Settle did not file a *pro se* brief at all at the time, and his sentence was accordingly affirmed on February 29, 2016.  *See* ECF No. 33.  On March 23, 2016, the Ninth Circuit issued its Mandate.  *See* Ninth Cir. No. 15-10347, DktEntry No. 10.  It does not appear that Settle sought certiorari from the United States Supreme Court.

On November 6, 2017, Settle filed a Motion Under 28 U.S.C. § 2244 For Order Authorizing District Court to Consider Second or Successive Application for Relief Under 28 U.S.C. §§ 2254 or 2255.  ECF No. 36.  Section 2244(b)(3) was actually inapplicable, because Settle had not previously filed a motion under 28 U.S.C. § 2255.  The focus of Settle's 2017 filing was that certain prior convictions should not have counted in his criminal history calculation.  The motion appeared to be seeking relief under 28 U.S.C. § 2255, causing the court to state that it was deeming the motion to be one under 28 U.S.C. § 2255 unless Settle expressly notified the court no later than December 29,

2

2017, that he did not wish his filing of November 6, 2017, to be deemed a motion under 28 U.S.C. § 2255.  *See* ECF No. 37.

Section 2255 provides for a motion by an incarcerated federal defendant to vacate, set aside, or correct a sentence on the ground "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."

A motion under § 2255 must be filed within one year of the latest of

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

In the same document announcing that the court would deem Settle's filing to be a § 2255 motion unless Settle notified

3

the court not to do so, the court ordered Settle to show cause why his § 2255 motion should not be dismissed as untimely, stating:

> Settle is ordered to show cause why his motion under 28 U.S.C. § 2255 should not be dismissed as untimely, as the resentencing in case number VA102901-01 occurred prior to his sentencing. *See* 28 U.S.C. § 2255(f)(4). The court notes that, even if Settles is correct that he should have only received 2 criminal history points for his conviction in case number VA102901-01, a total of 10 criminal history points would have still put him in Criminal History Category V such that his guideline range would not change.
>
> If Settle did not timely file his § 2255 motion, then, to avoid dismissal of it on untimeliness grounds, Settle must demonstrate that the limitation period should be equitably tolled. *See United States v. Castro-Verdugo*, 750 F.3d 1065, 1071 (9th Cir. 2014) ("after the one-year statute of limitations has passed, we may consider a § 2255 motion to vacate, set aside, or correct a sentence only if the petitioner establishes eligibility for equitable tolling by showing (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." (quotation marks and citations omitted)); *United States v. Aguirre-Ganceda*, 592 F.3d 1043, 1046 (9th Cir. 2010) ("Even though Aguirre's section 2255 motion was untimely, we may toll the one-year limitation period if (1) the petitioner has diligently pursued his rights, and (2) extraordinary circumstances exist.").
>
> Accordingly, to avoid dismissal of his § 2255 motion, Settle must demonstrate either that he timely filed it or that the one-year limitation period should be equitably tolled. Settle is ordered to show cause in a single written response filed no later than December

4

> 29, 2017, why his § 2255 motion should not be
> dismissed as untimely. Any such filing
> should describe with particularity which
> criminal history points assigned at
> sentencing are being challenged, as well as a
> description of when any sentence was changed
> such that fewer criminal history points
> should be assigned. Settle must also
> describe the date on which he is claiming
> that any limitation period should have begun
> to run--"the date on which the facts
> supporting the claim or claims presented
> could have been discovered through the
> exercise of due diligence." Alternatively,
> Settle may inform the court that he does not
> wish his filing of November 6, 2017, to be
> deemed a § 2255 motion.

ECF No. 37.

Settle responded to the Order to Show Cause by filing a motion to voluntarily dismiss his § 2255 motion. *See* ECF No. 42. Settle asked for dismissal to allow him time to challenge various misdemeanor convictions based on alleged Sixth Amendment violations of his right to counsel. Settle essentially argued that, if he was able to get his misdemeanor convictions vacated, he would reduce the criminal history points considered in calculating his Sentencing Guideline range. *Id.*

On December 21, 2017, without reaching the merits of whether Settle's claims were time-barred, the court granted Settle's request to dismiss his § 2255 motion without prejudice. *See* ECF No. 43.

On May 9, 2018, Settle filed the present § 2255 motion. *See* ECF No. 44.

5

## III. THE PRESENT § 2255 MOTION IS NOT A SECOND OR SUCCESSIVE § 2255 MOTION FOR PURPOSES OF 28 U.S.C. § 2244.

Although this is Settle's second § 2255 motion, his November 2017 motion does not count for purposes of 28 U.S.C. § 2244, because the 2017 motion was not adjudicated on the merits.

Under 28 U.S.C. § 2244(b)(3), no person shall proceed with a second or successive motion under 28 U.S.C. § 2255 unless "the appropriate court of appeals" authorizes its filing. If a person files a second or successive motion under 28 U.S.C. § 2255 without authorization from the court of appeals, this court is required to dismiss it. 28 U.S.C. § 2244(b)(4).

Under Ninth Circuit precedent, a "habeas petition is second or successive only if it raises claims that were or could have been adjudicated on the merits." *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009). The Ninth Circuit has explained that a prior § 2255 motion is "on the merits" when a district court has considered and rejected its claims or has determined that the underlying claim will not be considered by a federal court, such as when a § 2255 motion is dismissed as time-barred. *See id.* However, when a prior habeas petition is dismissed without prejudice for reasons such as a lack of exhaustion, the possibility of future litigation has been left open and there has been no adjudication on the merits. *Id.*

In the present case, Settle voluntarily dismissed his prior § 2255 motion for the purpose of possibly attempting to have misdemeanor convictions vacated. Under Ninth Circuit precedent, this dismissal left open the possibility of future litigation and was therefore not an adjudication on the merits for purposes of § 2244(b)(3).

The Second Circuit has held that, when a defendant withdraws his or her § 2255 motion, conceding that it lacks merit, "the withdrawal is akin to a dismissal on the merits and subsequent petitions will count as successive." *Thai v. United States*, 391 F.3d 491, 495 (2d Cir. 2004). The Ninth Circuit has not expressly adopted the reasoning in *Thai*, and, in any event, the record is not clear that Settle moved to dismiss his earlier § 2255 motion because it lacked merit or was time-barred. Accordingly, this court concludes that Settle need not obtain Ninth Circuit authorization before proceeding with the present § 2255 motion.

**IV.    ORDER TO SHOW CAUSE WHY THE PRESENT § 2255 MOTION SHOULD NOT BE DISMISSED AS TIME-BARRED.**

Because Settle does not indicate that there was an impediment to filing his § 2255 motion earlier or that the Supreme Court has recently recognized the right on which he now bases his § 2255 motion, 28 U.S.C. § 2255(f) required him to file his § 2255 motion within one year of the date on which his

judgment of conviction became final or the date on which the facts supporting his claims could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f)(1) and (4).

For purposes of § 2255(f)(1), when a defendant appeals a judgment, the judgment becomes final when the Supreme Court rules on the merits, when the Supreme Court denies a petition for writ of certiorari, or when the time for filing a certiorari petition expires. *United States v. Buckles*, 647 F.3d 883, 887 (9th Cir. 2011). Settle appealed his judgment of conviction to the Ninth Circuit but did not seek certiorari from the United State Supreme Court after that judgment was affirmed by the Ninth Circuit on February 29, 2016. The mandate issued on March 23, 2016. His judgment became "final" for purposes of § 2255(f) when the 90-day period for filing a certiorari petition with the Supreme Court had passed. *See* R. 13(1) of the Rules of the Supreme Court of the United States. Settle did not file the present § 2255 motion until May 9, 2018, well beyond one year from when his judgment became final in 2016.

Settle's § 2255 motion appears to argue that it should not be time-barred given newly discovered evidence. 28 U.S.C. § 2255(f)(4). But Settle fails to identify any fact discovered within a year preceding the filing of the present § 2255 motion. Instead, it appears that all of the claims he is making could have been discovered by him prior to his sentencing in 2015.

8

Settle attaches the docket sheets for convictions he believes should not have counted toward his criminal history calculation. Putting aside any possible procedural default issue, those docket sheets indicate that Settle knew or should have known long ago about the facts he now says are newly discovered.

With respect to Case Numbers BA210835, BA241491, and 1EL01630, discussed in Paragraphs 39, 40, and 41 of Settle's Presentence Investigation Report, Settle received no criminal history points. *See* ECF No. 24, PageID # 78-79 (Presentence Investigation Report); Transcript of Proceedings at 4 (June 29, 2015), ECF No. 31, PageID # 156 (adopting Presentence Investigation Report was adopted at Settle's sentencing hearing of June 29, 2015). In any event, a review of the corresponding docket sheets indicates that, although Settle printed the Docket Sheets in December 2017, the last things that happened in these cases occurred in November 2006, March 2015, and October 2013, respectively. *See* Civ. No. 18-00169 SOM/RLP, ECF No. 1-1, PageID # 30 (discussing possible parole violation in Case Number BA210835); *id.* PageID # 36 (noting that Settle's felony conviction was reduced to a misdemeanor conviction in Case Number BA241491); and *id.*, ECF No. 1-2, PageID # 52 (noting that the case file for Case Number 1EL01630 was destroyed). All of these dates were before Settle's June 2015 sentencing and could have been raised at that time.

Settle next says he should not have received 2 criminal history points for his conviction in Case Number 6EA6318, 2 criminal history points for his conviction in Case Number 6DY06065, and 1 criminal history point for his conviction in Case Number 8DY01449. Again, however, Settle knew or should have known of all relevant facts at the time of sentencing in June 2015. In Case Number 6EA6318, the last substantive occurrence related to Settle's admission to a violation of probation in February 2010. *Id.*, ECF No. 1-4, PageID #s 79-80. In Case Number DY06065, the last notation in the docket sheet concerns Settle's failure to pay attorney's fees in January 2011. *Id.*, ECF No. 1-3, PageID # 72. In Case Number 8DY01449, the last substantive notation was in February 2010, when there was a possible parole violation. Because each of these matters occurred before Settle's sentencing, Settle knew or should have known about each and could have raised these matters at sentencing in June 2015. Settle does not demonstrate that any of the convictions for which he received criminal history points was vacated or otherwise altered in any relevant manner during the one-year period preceding the present motion.

Settle is therefore ordered to show cause why his motion under 28 U.S.C. § 2255 should not be dismissed as untimely. That is, to avoid dismissal on timeliness grounds, Settle should demonstrate that it was filed within one year of

10

the date on which his judgment became final or the date on which he knew or should have known of facts on which his motion is based.

If Settle did not timely file his § 2255 motion, then, to avoid dismissal of it on untimeliness grounds, Settle must demonstrate that the limitation period should be equitably tolled. *See United States v. Castro-Verdugo*, 750 F.3d 1065, 1071 (9th Cir. 2014) ("after the one-year statute of limitations has passed, we may consider a § 2255 motion to vacate, set aside, or correct a sentence only if the petitioner establishes eligibility for equitable tolling by showing (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." (quotation marks and citations omitted)); *United States v. Aguirre-Ganceda*, 592 F.3d 1043, 1046 (9th Cir. 2010) ("Even though Aguirre's section 2255 motion was untimely, we may toll the one-year limitation period if (1) the petitioner has diligently pursued his rights, and (2) extraordinary circumstances exist.").

**V.      CONCLUSION.**

To avoid dismissal of his § 2255 motion, Settle must demonstrate either that he timely filed it or that the one-year limitation period should be equitably tolled. Settle is ordered to show cause in a single written response filed no later than

June 15, 2018, why his § 2255 motion should not be dismissed as untimely.  Settle must also describe the date on which he is claiming that any limitation period should have begun to run-- "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."

Even if Settle can show that his § 2255 motion is timely or that equitable tolling applies, such a showing will go only to timeliness and will not, without more, entitle Settle to relief.  That is, timeliness is a threshold Settle must get over, not a guarantee of relief.

The Government need not file a response to Settle's substantive § 2255 motion or this order to show cause unless the court asks for such a response.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, May 15, 2018.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

United States of America v. Settle, Cr. No. 15-00098 SOM; ORDER TO SHOW CAUSE WHY DEFENDANT RUBEN SETTLE'S MOTION UNDER 28 U.S.C. § 2255 SHOULD NOT BE DISMISSED AS UNTIMELY

12